```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Acadia Insurance Company

    v.                                        Civil No. 13-cv-50-JL

SimplexGrinnell, LP

## ORDER AFTER PRELIMINARY PRETRIAL CONFERENCE

The Preliminary Pretrial Conference was held in chambers on **July 29, 2013.**

The Discovery Plan (document no. 23) is approved as submitted, with the following changes:

- "DiBenedetto" disclosure deadline - **September 1, 2013**
- Close of discovery[1] - **May 15, 2014**
- Summary judgment deadline[2] - **May 15, 2014**
- Jury trial - **November, 2014**

---

[1] The parties are advised that the court considers the deadline for the completion of discovery to be a deadline by which discovery is to be completed--not a deadline by which discovery is to be served. Propounding parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline. Where Federal Rule 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the deadline, the recipient need not provide a response.

[2] The parties may move for summary judgment on any issue at any time prior to that deadline. They are advised, however, that any motions for summary judgment that are directed at discrete issues and filed well before the close of discovery are unlikely to receive expeditious treatment.

Based on the discussions between the court and counsel at the conference, the following are **stricken** without prejudice to being reinstated on request if warranted by the evidence:

- the plaintiff's claims for misrepresentation (Count V) and fraud (Count VI).  Counts IV and IX are also stricken, but their underlying remedies and theories remain in the case.

- the following affirmative defenses:  2 (statute of limitations); 6 (third party liability).

**Summary Judgment.**  The parties and counsel are advised that compliance with Rule 56(e) and Local Rule 7.2(b), regarding evidentiary support for factual assertions, and specification and delineation of material issues of disputed fact, will be required.

**Oral argument on dispositive motions.**  Counsel and the parties should anticipate that oral argument will be held on all dispositive motions.  Any party preferring that such a motion be decided on the written filings alone should so notify the clerk.

**Discovery disputes.**  Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the normal course.  No motion to compel is necessary.  The party or counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court.  The court will inform counsel and parties what written

materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible. If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the motion, a referral to the United States Magistrate Judge. Such referral requests will normally be granted. If the Magistrate Judge is recused, alternate arrangements will be made.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: July 31, 2013

cc:  Nicholas D. Wright, Esq.
     Jason R. Scott, Esq.
     Brian P. Voke, Esq.